1  RAMON K. QUICHOCHO, ESQ. (CNMI Bar No. F0243)
   LAW OFFICES OF RAMON K. QUICHOCHO, LLC
2  Karissa Center, 1st Floor, Pale' Arnold Rd., Gualo Rai
   P.O. Box 505621
3  Saipan, MP 96950
   Tel.: 670.234.8946
4  Fax: 670.234.8920
   Email: raykingquichocho@gmail.com
5
   *Attorney for Plaintiff William L. Tracy*
6

FILED
Clerk
District Court

DEC 26 2013

for the Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| 8  WILLIAM L. TRACY, | ) CIVIL CASE NO. 13-0031 |
| | ) |
| 9         Plaintiff, | ) |
| | ) |
| 10        v. | ) |
| | ) |
| 11  AA ENTERPRISES INC., dba MOBIL SADOG | ) |
| TASI SERVICE STATION; CYC | ) |
| 12  CORPORATION dba CYC KAGMAN | ) VERIFIED     COMPLAINT     FOR |
| MARKET; CYP CORPORATION dba ACE | ) INJUNCTIVE RELIEF AND DAMAGES: |
| 13  POKER; DKK, INC., dba DOLLARS POKER; | ) |
| DKK, INC., dba D.K. POKER; DONALD | ) FOR DISABILITY DISCRIMINATION |
| 14  BUFTON dba ROUND II; DONG RIM | ) IN VIOLATION OF TITLE III OF THE |
| CORPORATION dba SAN JOSE | ) AMERICANS    WITH    DISABILITIES |
| 15  DOWNTOWN MARKET; D & W | ) ACT |
| CORPORATION dba SHELL GUALO RAI | ) |
| 16  SERVICE STATION; EAGLE | ) |
| CORPORATION dba GARAPAN MARKET | )      AND DEMAND FOR JURY TRIAL |
| 17  AND GARAPAN LAUNDRY; HAN NAM | ) |
| CORPORATION dba HAN NAM MARKET; | ) |
| 18  HUANG SHUN CORPORATION dba U-LUCK | ) |
| POKER; HUANG SHUN CORPORATION dba | ) |
| 19  U-SAVE SUPERMART II; JIA JIA CORP., dba | ) |
| NEW GRAND MARKET; JIMIN | ) |
| 20  ENTERPRISES dba GRAND LAUNDRY & | ) |
| POKER; JUN YI CORPORATION dba NEW | ) |
| 21  CHANG MING MARKET; JUN'S | ) |
| ENTERPRISES, INC. dba SMILE POKER | ) |
| 22  AND SMILE LAUNDRY; KS CHANG | ) |
| CORPORATION dba I-MART; LING LIN | ) |
| 23  PALACIOS dba LING LIN STORE II; | ) |
| MARTHA'S RETAIL SHOP, INC., dba | ) |

*Verified Complaint for Injunctive Relief and Damages:*
*For Disability Discrimination in Violation of Title III of the Americans with Disabilities Act and*
*Demand for Jury Trial*

1

MARTHA'S RETAIL STORE; MING YANG )
CORP., dba MING YANG MARKET; NAINA )
ENTERPRISES, INC., dba ROSHI'S; NEW )
MING YANG CORP., dba NEW MING YANG )
MARKET; PEACE ASIA PACIFIC )
CORPORATION dba BROTHER'S MARKET; )
P&A CORPORATION dba P&A LAUNDRY; )
P&S, INC., dba 888 FUN & GAME; SAIPAN )
ENTERTAINMENT, INC., dba NEW )
KAGMAN MARKET; SHAFA )
CORPORATION dba BALI FASHION; SOI-IN )
CORPORATION dba COOL MART; )
SUNLEADER CO., LTD., dba SUNLEADER )
SUPERMARKET; WAN-JIA CORPORATION )
dba NEW TOP STORE; WAN-JIA )
CORPORATION dba WAN FU MARKET; )
YOUNG HUI CORPORATION dba YONG )
HUI MARKET; ZENG'S AMERICAN )
CORPORATION dba HAPPY MARKET; )
ZHENG'S PACIFIC CORPORATION dba JJ )
MARKET; ZY CORPORATION dba SHUN FU )
MARKET; )
                                        )
                    Defendants.         )
_____ )
                                        )

Plaintiff WILLIAM L. TRACY hereby complains and sues the Defendants for declaratory and injunctive relief, attorney's fees and costs, and for damages, and alleges as follows:

## I.
## INTRODUCTION

1.      This is an action for declaratory and injunctive relief, and damages, pursuant to Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*

2.      Plaintiff also brings a negligence and negligence *per se* causes of action against Defendant Shafa Corporation dba Bali Fashion ("Bali Fashion") for the injuries he sustained from tripping and falling at Defendant Bali Fashion's establishment due to barriers present that violate the ADA.

*Verified Complaint for Injunctive Relief and Damages:*
*For Disability Discrimination in Violation of Title III of the Americans with Disabilities Act and*
*Demand for Jury Trial*
2

3.      Federal law provides that no person shall be discriminated against because of his or her disability, "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or lease to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

4.      Defendants, however, have violated the ADA, because their facilities are not designed and/or constructed in compliance with applicable accessibility standards to accommodate disabled persons.

## II.
## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental).

6.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events, acts, or omissions giving rise to the claims occurred in, and all the parties to this action were present in, the Commonwealth of the Northern Mariana Islands.

## III.
## PARTIES

**A. PLAINTIFF**

7.      Plaintiff **WILLIAM L. TRACY** ("Plaintiff" or "Mr. Tracy") is a citizen of the United States, who resides and is domiciled in Saipan, Commonwealth of the Northern Mariana Islands ("CNMI").

8.      Plaintiff is, and at all times relevant herein was, a qualified individual with a "disability" as defined under the ADA, the Department of Justice regulation 28 C.F.R. § 36.104, and all other applicable Federal and State statutes and regulations.

*Verified Complaint for Injunctive Relief and Damages:*
*For Disability Discrimination in Violation of Title III of the Americans with Disabilities Act and Demand for Jury Trial*

3

9.      Plaintiff has suffered, and has been suffering from, severe physical and mental impairments; he has a very difficult time standing or walking without the use of a cane for mobility and balance at all times.  Plaintiff is unable and/or has serious difficulties, due to his disability, to use commercial facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate disabled persons who require a cane for mobility and balance.

10.     Prior to instituting the instant action, Plaintiff visited the Defendants' premises/establishments at issue in this matter, and was denied full, safe, and equal access to the subject properties of Defendants, which are the subject of this lawsuit, due to the barriers to access which exists and the Defendants' lack of compliance with the ADA.

11.     Plaintiff continues to desire and intends to visit the Defendants' premises/establishments but continues to be denied full, safe, and equal access due to the barriers to access and violations which continue to exist.

**B.  DEFENDANTS**

12.     Defendant **AA ENTERPRISES INC., DBA MOBIL SADOG TASI SERVICE STATION** ("Mobil Sadog Tasi") is a CNMI corporation, with its principle place of business in Saipan, CNMI.

13.     Defendant Mobil Sadog Tasi is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) there is no designated parking for disabled persons; (b) there are no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage; (c) the path leading to the outdoor restroom has steps but is without a ramp to access it.

*Verified Complaint for Injunctive Relief and Damages:*
*For Disability Discrimination in Violation of Title III of the Americans with Disabilities Act and Demand for Jury Trial*

4

14.     Defendant **CYC CORPORATION DBA CYC KAGMAN MARKET** ("Kagman Market") is a CNMI corporation, with its principle place of business in Saipan, CNMI.

15.     Defendant Kagman Market is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) there is no designated parking for disabled persons; (b) there are no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage; (c) the restroom entrance has a split level, but is without adequate ramp to access it.

16.     Defendant **CYP CORPORATION DBA ACE POKER** ("Ace Poker") is a CNMI corporation, with its principle place of business in Saipan, CNMI.

17.     Defendant Ace Poker is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) there is no designated parking for disabled persons; (b) there are no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage; (c) the restroom entrance has a split level, but is without any ramp to access it.

18.     Defendant **DKK, INC., DBA DOLLARS POKER** ("Dollars Poker") is a CNMI corporation, with its principle place of business in Saipan, CNMI.

19.     Defendant Dollars Poker is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) there are no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage; (c) the restroom entrance has a split level, but is without any ramp to access it.

20.    Defendant **DKK, INC., DBA D.K. POKER** ("D.K. Poker") is a CNMI corporation, with its principle place of business in Saipan, CNMI.

21.    Defendant D.K. Poker is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) it has no restroom of its own, and it is sharing restroom with defendant P&A Laundry, which restroom has no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage.

22.    Defendant **DONALD BUFTON DBA ROUND II** ("Round II") is a CNMI company, with its principle place of business in Saipan, CNMI.

23.    Defendant Round II is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) there is no designated parking for disabled persons; (b) there are no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage.

24.    Defendant **DONG RIM CORPORATION DBA SAN JOSE DOWNTOWN MARKET** ("Downtown Market") is a CNMI corporation, with its principle place of business in Saipan, CNMI.

25.    Defendant Downtown Market is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) there is no designated parking for disabled persons; (b) there are no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage; (c) the restroom entrance has a split level, but is without any adequate ramp to access it.

*Verified Complaint for Injunctive Relief and Damages:*
*For Disability Discrimination in Violation of Title III of the Americans with Disabilities Act and Demand for Jury Trial*

6

26.     Defendant **D & W CORPORATION DBA SHELL GUALO RAI SERVICE STATION** ("Shell Gualo Rai") is a CNMI corporation, with its principle place of business in Saipan, CNMI.

27.     Defendant Shell Gualo Rai is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) there is no designated parking for disabled persons; (b) there are no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage.

28.     Defendant **EAGLE CORPORATION DBA GARAPAN MARKET AND GARAPAN LAUNDRY** ("Garapan Market and Laundry") is a CNMI corporation, with its principle place of business in Saipan, CNMI.

29.     Defendant Garapan Market and Laundry is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) there is no designated parking for disabled persons; (b) there are no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage.

30.     Defendant **HAN NAM CORPORATION DBA HAN NAM MARKET** ("Han Nam Market") is a CNMI corporation, with its principle place of business in Saipan, CNMI.

31.     Defendant Han Nam Market is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) there are no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage.

32.     Defendant **HUANG SHUN CORPORATION DBA U-LUCK POKER** ("U-Luck Poker") is a CNMI corporation, with its principle place of business in Saipan, CNMI.

33.     Defendant U-Luck Poker is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) there is no designated parking for disabled persons; (b) there are no grab bars provided at the rear of the toilet, posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage.

34.     Defendant **HUANG SHUN CORPORATION DBA U-SAVE SUPERMART II** ("U-Save Supermart II") is a CNMI corporation, with its principle place of business in Saipan, CNMI.

35.     Defendant U-Save Supermart II is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) there are no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage.

36.     Defendant **JIA JIA CORP., DBA NEW GRAND MARKET** ("New Grand Market") is a CNMI corporation, with its principle place of business in Saipan, CNMI.

37.     Defendant New Grand Market is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) there is no designated parking for disabled persons; (b) there are no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage.

*Verified Complaint for Injunctive Relief and Damages:*
*For Disability Discrimination in Violation of Title III of the Americans with Disabilities Act and Demand for Jury Trial*

8

38.    Defendant **JIMIN ENTERPRISES DBA GRAND LAUNDRY & POKER** ("Grand Laundry and Poker") is a CNMI company, with its principle place of business in Saipan, CNMI.

39.    Defendant Grand Laundry and Poker is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) there are no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage.

40.    Defendant **JUN YI CORPORATION DBA NEW CHANG MING MARKET** ("New Chang Ming Market") is a CNMI corporation, with its principle place of business in Saipan, CNMI.

41.    Defendant New Chang Ming Market is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) there is no designated parking for disabled persons; (b) there are no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage.

42.    Defendant **JUN'S ENTERPRISES, INC. DBA SMILE POKER AND SMILE LAUNDRY** ("Smile Poker and Laundry") is a CNMI corporation, with its principle place of business in Saipan, CNMI.

43.    Defendant Smile Poker and Laundry is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) there is no designated parking for disabled persons; (b) there are no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage.

*Verified Complaint for Injunctive Relief and Damages:*
*For Disability Discrimination in Violation of Title III of the Americans with Disabilities Act and*
*Demand for Jury Trial*
9

1      44.    Defendant **KS CHANG CORPORATION DBA I-MART** ("I-Mart") is a CNMI

2  corporation, with its principle place of business in Saipan, CNMI.

3      45.    Defendant I-Mart is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. §

4  36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following

5  specific violations:  (a) there are no grab bars provided at the side or rear of the toilet, posing a risk

6  of injury for persons with mobility disabilities, and it lacks adequate signage; (d) the restroom door

7  is too narrow.

8      46.    Defendant **LING LIN PALACIOS DBA LING LIN STORE II** ("Ling Lin Store

9  II") is a CNMI company, with its principle place of business in Saipan, CNMI.

10      47.    Defendant Ling Lin Store II is in violation of 42 U.S.C. § 12181 *et seq.*, and 28

11  C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the

12  following specific violations:  (a) there is no designated parking for disabled persons; (b) there are

13  no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with

14  mobility disabilities, and it lacks adequate signage; (c) the restroom is used for storing boxes and

15  other items.

16      48.    Defendant **MARTHA'S RETAIL SHOP, INC., DBA MARTHA'S RETAIL**

17  **STORE** ("Martha's Retail Store") is a CNMI corporation, with its principle place of business in

18  Saipan, CNMI.

19      49.    Defendant Martha's Retail Store is in violation of 42 U.S.C. § 12181 *et seq.*, and 28

20  C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the

21  following specific violations:  (a) there is no designated parking for disabled persons; (b) there are

22  no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with

23  mobility disabilities, and it lacks adequate signage.

*Verified Complaint for Injunctive Relief and Damages:*
*For Disability Discrimination in Violation of Title III of the Americans with Disabilities Act and*
*Demand for Jury Trial*
10

50.     Defendant **MING YANG CORP., DBA MING YANG MARKET** ("Ming Yang Market") is a CNMI corporation, with its principle place of business in Saipan, CNMI.

51.     Defendant Ming Yang Market is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) there is no designated parking for disabled persons; (b) there are no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage.

52.     Defendant **NAINA ENTERPRISES, INC., DBA ROSHI'S** ("Roshi's") is a CNMI corporation, with its principle place of business in Saipan, CNMI.

53.     Defendant Roshi's is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) although there is a designated parking for disabled persons, other barriers are present that is discriminatory; (b) there are no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage; (c) the restroom entrance has a split level, but is without any ramp to access it.

54.     Defendant **NEW MING YANG CORP., DBA NEW MING YANG MARKET** ("New Ming Yang Market") is a CNMI corporation, with its principle place of business in Saipan, CNMI.

55.     Defendant New Ming Yang Market is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) there is no designated parking for disabled persons; (b) there are no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with

*Verified Complaint for Injunctive Relief and Damages:*
*For Disability Discrimination in Violation of Title III of the Americans with Disabilities Act and*
*Demand for Jury Trial*
11

1   mobility disabilities, and it lacks adequate signage; (c) the path leading to the outdoor restroom has

2   steps but is without a ramp to access it.

3        56.     Defendant **PEACE ASIA PACIFIC CORPORATION DBA BROTHER'S**

4   **MARKET** ("Brother's Market") is a CNMI corporation, with its principle place of business in

5   Saipan, CNMI.

6        57.     Defendant Brother's Market is in violation of 42 U.S.C. § 12181 *et seq.*, and 28

7   C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the

8   following specific violations:  (a) there is no designated parking for disabled persons; (b) there are

9   no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with

10  mobility disabilities, and it lacks adequate signage; (c) the restroom entrance has a split level, but is

11  without any ramp to access it.

12       58.     Defendant **P&A CORPORATION DBA P&A LAUNDRY** ("P&A Laundry") is a

13  CNMI corporation, with its principle place of business in Saipan, CNMI.

14       59.     Defendant P&A Laundry is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R.

15  § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following

16  specific violations:  (a) there are no grab bars provided at the side or rear of the toilet, posing a risk

17  of injury for persons with mobility disabilities, and it lacks adequate signage.

18       60.     Defendant **P&S, INC., DBA 888 FUN & GAME** ("888 Fun & Game") is a CNMI

19  corporation, with its principle place of business in Saipan, CNMI.

20       61.     Defendant 888 Fun & Game is in violation of 42 U.S.C. § 12181 *et seq.*, and 28

21  C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the

22  following specific violations:  (a) there is no designated parking for disabled persons; (b) there are

23

*Verified Complaint for Injunctive Relief and Damages:*
*For Disability Discrimination in Violation of Title III of the Americans with Disabilities Act and*
*Demand for Jury Trial*
12

1   no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with

2   mobility disabilities, and it lacks adequate signage.

3        62.    Defendant **SAIPAN ENTERTAINMENT, INC., DBA NEW KAGMAN**

4   **MARKET** ("New Kagman Market") is a CNMI corporation, with its principle place of business in

5   Saipan, CNMI.

6        63.    Defendant New Kagman Market is in violation of 42 U.S.C. § 12181 *et seq.*, and 28

7   C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the

8   following specific violations:  (a) there are no grab bars provided at the side or rear of the toilet,

9   posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage.

10        64.    Defendant **SHAFA CORPORATION DBA BALI FASHION** ("Bali Fashion") is a

11   CNMI corporation, with its principle place of business in Saipan, CNMI.

12        65.    Defendant Bali Fashion is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. §

13   36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following

14   specific violations:  (a) there is no designated parking for disabled persons; (b) there are no grab

15   bars provided at the side or rear of the toilet, posing a risk of injury for persons with mobility

16   disabilities, and it lacks adequate signage; (c) the entrance to the store has other barriers.

17        66.    Defendant **SOI-IN CORPORATION DBA COOL MART** ("Cool Mart") is a

18   CNMI corporation, with its principle place of business in Saipan, CNMI.

19        67.    Defendant Cool Mart is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. §

20   36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following

21   specific violations:  (a) there are no grab bars provided at the side or rear of the toilet, posing a risk

22   of injury for persons with mobility disabilities, and it lacks adequate signage.

23

*Verified Complaint for Injunctive Relief and Damages:*
*For Disability Discrimination in Violation of Title III of the Americans with Disabilities Act and*
*Demand for Jury Trial*

13

68.    Defendant **SUNLEADER CO., LTD., DBA SUNLEADER SUPERMARKET** ("Sunleader Supermarket") is a CNMI company, with its principle place of business in Saipan, CNMI.

69.    Defendant Sunleader Supermarket is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) there is no designated parking for disabled persons; (b) there are no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage; (c) the restroom entrance has a split level, but is without any ramp to access it.

70.    Defendant **WAN-JIA CORPORATION DBA NEW TOP STORE** ("New Top Store") is a CNMI corporation, with its principle place of business in Saipan, CNMI.

71.    Defendant New Top Store is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) there is no designated parking for disabled persons; (b) there are no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage.

72.    Defendant **WAN-JIA CORPORATION DBA WAN FU MARKET** ("Wan Fu Market") is a CNMI corporation, with its principle place of business in Saipan, CNMI.

73.    Defendant Wan Fu Market is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) there is no designated parking for disabled persons; (b) there is no public restroom.

74.     Defendant **YOUNG HUI CORPORATION DBA YONG HUI MARKET** ("Yong Hui Market") is a CNMI corporation, with its principle place of business in Saipan, CNMI.

75.     Defendant Yong Hui Market is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) there is no designated parking for disabled persons; (b) there are no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage; (c) the entrance from the parking lot has a split level, but is without any ramp to access it.

76.     Defendant **ZENG'S AMERICAN CORPORATION DBA HAPPY MARKET** ("Happy Market") is a CNMI corporation, with its principle place of business in Saipan, CNMI.

77.     Defendant Happy Market is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) there are no grab bars provided at the rear of the toilet, posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage.

78.     Defendant **ZHENG'S PACIFIC CORPORATION DBA JJ MARKET** ("JJ Market") is a CNMI corporation, with its principle place of business in Saipan, CNMI.

79.     Defendant JJ Market is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) there are no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage; (b) the restroom entrance has a split level, but is without any ramp to access it.

80.     Defendant **ZY CORPORATION DBA SHUN FU MARKET** ("Shun Fu Market") is a CNMI corporation, with its principle place of business in Saipan, CNMI.

81.     Defendant Shun Fu Market is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:  (a) there is no designated parking for disabled persons; (b) there are no grab bars provided at the side or rear of the toilet, posing a risk of injury for persons with mobility disabilities, and it lacks adequate signage.

82.     The named defendants are collectively referred to as "Defendants."

83.     All Defendants are "private entities" as defined under the ADA.

84.     All Defendants are considered public accommodations for purposes of the ADA, because their operations affect "commerce," as defined under the ADA.

85.     All Defendants are the owners, lessors, lessees, and/or operators of the real properties and improvements at which they are respectively doing business at, which are made the subject of this action.

## IV.
## GENERAL ALLEGATIONS

### A. VIOLATIONS OF THE ADA BY ALL DEFENDANTS.

86.     Plaintiff and other similarly situated physically disabled persons, who require the use of a wheelchair or other mobility device, are unable to access and use the goods, services, and facilities offered at the respective Defendants' premises/establishments on a "full and equal" basis unless they are brought into compliance with Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, which was enacted to ensure full and equal access for persons with disabilities in public accommodations.

87.     Plaintiff has been to each of the respective premises/establishments owned and/or operated by the respective Defendants.

*Verified Complaint for Injunctive Relief and Damages:*
*For Disability Discrimination in Violation of Title III of the Americans with Disabilities Act and*
*Demand for Jury Trial*

16

88.   None of the respective premises/establishments' restrooms and/or parking spaces, however, are ADA compliant.

89.   Until the barriers at the respective Defendants' premises/establishments are removed, Plaintiff will continue to suffer discrimination by being excluded and deterred from returning, and will continue to be denied full and equal access to and use of the same goods, services, facilities, privileges, advantages, and accommodations offered by the Defendants to the general public.

90.   As the result of Defendants' acts and omissions, as herein described, Plaintiff was, and will continue to be denied full and equal access to the goods, services, facilities, privileges, advantages, or accommodations of Defendants' respective premises/establishments, and has suffered discrimination, humiliation, pain, emotional distress, and embarrassment, all to his damage.  The ongoing nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury.

## B.  TRIP AND FALL AT BALI FASHION.

91.   On September 12, 2012, Plaintiff went to Defendant Bali Fashion's premises/establishment.

92.   When Plaintiff was finished shopping for clothes, he exited the establishment, when he tripped over a cement barrier/curb on the floor in front of the door, and fell to the ground and broke his bones.

93.   Plaintiff sought medical assistance for his injuries, and he continues to suffer physical and mental pain from his injuries.

*Verified Complaint for Injunctive Relief and Damages:*
*For Disability Discrimination in Violation of Title III of the Americans with Disabilities Act and*
*Demand for Jury Trial*
17

# V.
## CAUSES OF ACTION

### COUNT 1:  VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### *Against All Defendants*

94.     Plaintiff re-alleges and incorporates all the foregoing allegations, as though fully set forth herein.

95.     This cause of action for violation of the Americans with Disabilities Act is brought against all Defendants.

96.     On or about July 26, 1990, Congress enacted the ADA, 42 U.S.C. §12101 *et. seq*.

97.     Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992.  42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

98.     Congress found, among other things, that:

a.  physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society, yet many people with physical or mental disabilities have been precluded from doing so because of discrimination; others who have a record of a disability or are regarded as having a disability also have been subjected to discrimination;

b.  historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

c.  discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

d.  individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

*Verified Complaint for Injunctive Relief and Damages:*
*For Disability Discrimination in Violation of Title III of the Americans with Disabilities Act and*
*Demand for Jury Trial*

e.  the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (8).

99.    Congress explicitly stated that the purpose of the ADA was to:

a.  provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

b.  provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

c.  invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1), (2), and (4).

100.    Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

101.    Defendants have discriminated against Plaintiff on the basis of his disability in violation of Title III of the ADA and its implementing regulations. Defendants' discriminatory conduct includes, but is not limited to:

a.  Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

b.  Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

c.  Since January 26, 1992, and/or the effective date of the application of the ADA in the

CNMI, failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facilities are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards.   42 U.S.C. § 12183(a)(2); 28 C.F.R. §§ 36.402, 36.403, 36.406(a);

d. Since July 26, 1991, and/or the effective date of the application of the ADA in the CNMI, failing to comply with the ongoing obligation to remove barriers at facilities where such removal is "readily achievable."  42 U.S.C. § 12182(a)(2)(A)(iv); 28 C.F.R. § 36.304.

102.   Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. § 36.104, the respective establishments owned by each respective defendant is a place of public accommodation in that they provide goods and services to the public.

103.   Defendants have discriminated, and continue to discriminate against the Plaintiff by denying him access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at their respective establishments in derogation of 42 U.S.C. § 12101 *et. seq.*

104.   The Plaintiff has been unable to and continues to be unable to enjoy full, safe and equal access to and the benefits of the goods and services offered at the respective establishments owned and/or operated by the respective Defendants.

105.   Prior to the filing of this lawsuit, Plaintiff visited each of the respective establishment owned by each of the respective Defendants and was denied full, safe and equal access to the benefits, accommodations, goods, services, facilities, privileges, and advantages of the Defendants' premises, and therefore, suffered an injury in fact.

106.   In addition, Plaintiff continues to desire and intends to visit the respective

establishments owned by each of the respective Defendants, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at the various establishments owned and/or operated by Defendants, in violation of the ADA.

107.    Plaintiff has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendants' continuing deliberate and knowing violations of the ADA.

108.    Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

109.    Defendants are in violation of 42 U.S.C. §12181 *et. seq.*, and 28 C.F.R. § 36.302 *et. seq.*, and are discriminating against the Plaintiff as a result of, *inter alia*, the following specific violations:

   a.   The accessible parking spaces are not in compliance with the ADA and regulations;

   b.   No grab bars are provided in the restrooms;

   c.   There are other barriers to access in the restrooms, such as, not enough space, narrow doors, toilet bowls too low, curbs and/or barriers at entrance of restrooms, and therefore, such restrooms are not accessible.

110.    There are other current barriers to access and violations of the ADA at the various establishments owned and operated by the Defendants, which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. § 36.501.

111.    The Defendants are operating their various establishments, with knowledge of the barriers to access, but to date, the barriers to access and other violations of the ADA still exist and

*Verified Complaint for Injunctive Relief and Damages:*
*For Disability Discrimination in Violation of Title III of the Americans with Disabilities Act and*
*Demand for Jury Trial*
21

1  have not been remedied or altered in such a way as to effectuate compliance with the provisions of

2  the ADA.

3        112.    Pursuant to the ADA, 42 U.S.C. § 12101 *et. seq.*, and 28 C.F.R. § 36.304, the

4  respective establishments owned by the respective Defendants were required to be a place of public

5  accommodation, accessible to persons with disabilities by January 26, 1992, and/or the effective

6  date of the application of the ADA in the CNMI. The Defendants have failed to comply with this

7  mandate.

8        113.    The Plaintiff has been obligated to retain undersigned counsel for the filing and

9  prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and

10  expenses paid by Defendants pursuant to 42 U.S.C. § 12205.

11        114.    Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant

12  Plaintiff's injunctive relief, including an Order to alter the subject facility to make it readily

13  accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and

14  closing the subject facility until the requisite modifications are completed.

15        115.    Wherefore, Plaintiff prays for the relief as set forth herein.

16
## COUNT 2: NEGLIGENCE
17  ### *Against Bali Fashion Only*

18        116.    Plaintiff re-alleges and incorporates the foregoing allegations, as though fully set

19  forth herein.

20        117.    This cause of action for negligence is brought against Defendant Bali Fashion.

21        118.    At all times relevant hereto, Defendant Bali Fashion knew that its establishment was

22  not safe for its disabled customers, and that its premises/establishment failed to provide access to,

23

*Verified Complaint for Injunctive Relief and Damages:*
*For Disability Discrimination in Violation of Title III of the Americans with Disabilities Act and*
*Demand for Jury Trial*
22

1   and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or

2   accommodations to persons with disabilities.

3   119.   At all times relevant hereto, Defendant Bali Fashion knew that Plaintiff was lawfully

4   present at its establishment.

5   120.   Defendant Bali Fashion owed a duty to Plaintiff to provide safe, full, and equal

6   access to its establishment while Plaintiff was lawfully present at Defendant Bali Fashion's

7   establishment.

8   121.   Defendant Bali Fashion breached its duty to Plaintiff by:

9   a.   Failing to warn of the unsafe and dangerous condition of the entrance and exit ways;

10   b.   Failing to take any and all reasonable and necessary steps to make certain that customers

11   with disabilities can safely enter into the establishment;

12   c.   Failing to take all necessary and reasonable steps to remove the unsafe and dangerous

13   condition located in the entrance/exit of the establishment;

14   d.   Failing to correct any and all dangerous conditions at the Bali Fashion establishment,

15   despite Defendant's Bali Fashion's knowledge of the dangerous conditions before the

16   occurrence of September 2012, involving the Plaintiff.

17   122.   As a direct and proximate result of the conduct, actions and inactions of Defendant

18   Bali Fashion, Plaintiff was severely injured by the slip and fall, on Defendant's premises, on

19   September 2012.

20   123.   As the proximate result and legal cause of Defendant Bali Fashion's acts and/or

21   omissions, Plaintiff has suffered money damages in the form of hospital and medical expenses,

22   general damages, emotional distress and mental anguish, and mental injury, in an amount to be

23   proven at trial.

*Verified Complaint for Injunctive Relief and Damages:*
*For Disability Discrimination in Violation of Title III of the Americans with Disabilities Act and*
*Demand for Jury Trial*

124.    As a direct and proximate result of the conduct, actions, and inactions of Defendant Bali Fashion, Plaintiff has suffered, and will continue to suffer, the conditions stated as follows:

a.  Broken bone(s);

b.  Pain and suffering;

c.  Annoyance and embarrassment; and

d.  Emotional distress.

125.    Wherefore, Plaintiff prays for the relief as set forth herein.

## COUNT 3:  NEGLIGENCE *PER SE*
### *Against Bali Fashion Only*

126.    Plaintiff re-alleges and incorporates the foregoing allegations, as though fully set forth herein.

127.    This cause of action is against Defendant Bali Fashion.

128.    Since on or about September 2012, Defendant Bali Fashion violated a statute and/or regulation, and such violation of a statute and/or regulation caused injury, loss or harm to Plaintiff.

129.    Specifically, 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R. Part 36 were violated by Defendant Bali Fashion by failing to comply with the requirements set forth therein.

130.    Defendant Bali Fashion is chargeable with knowledge of the unsafe and dangerous conditions on it premises, and Defendant Bali Fashion must exercise due care to prevent injury from reasonably anticipated conduct.

131.    As a result of its breach of duty, Defendant Bali Fashion is strictly liable to Plaintiff for any and all injuries Plaintiff sustained as well as any and all damages, including, but not limited to, medical bills, pain and suffering, emotional distress, and mental anguish.

*Verified Complaint for Injunctive Relief and Damages:*
*For Disability Discrimination in Violation of Title III of the Americans with Disabilities Act and*
*Demand for Jury Trial*
24

132.    As a proximate result of the conduct, actions, and inactions of Defendant Bali Fashion, in violation of the ADA and regulations, Plaintiff has sustained injuries and will continue to suffer the loss of life pleasures, will undergo and incur expensive medical treatment.

133.    As a direct and proximate result of the conduct, actions, and inactions of Defendant Bali Fashion, Plaintiff has suffered, and will continue to suffer, the conditions stated as follows:

a.   Broken bone(s);

b.   Pain and suffering;

c.   Annoyance and embarrassment; and

d.   Emotional distress.

134.    Wherefore, Plaintiff prays for the relief as set forth herein.

## VI.
## DEMAND FOR JURY TRIAL

135.    Plaintiff demands a jury trial on all issues triable by a jury.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff WILLIAM L. TRACY prays for judgment against Defendants, jointly and severally, and requests the following injunctive, declaratory, and other relief, as follows:

136.    That the Court declare that the respective establishment/property owned and operated by the respective Defendants are in violation of the ADA and its regulations;

137.    That the Court enter an Order directing Defendants to alter their facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA and its promulgated regulations;

138.    That the Court enter an Order directing Defendants to evaluate and neutralize their

*Verified Complaint for Injunctive Relief and Damages:*
*For Disability Discrimination in Violation of Title III of the Americans with Disabilities Act and*
*Demand for Jury Trial*
25

1   policies and procedures towards persons with disabilities for such reasonable time so as to allow

2   them to undertake and complete corrective procedures;

3       139.   That the Court award reasonable attorney's fees, costs and other expenses of suit, to

4   the Plaintiff; and

5       140.   For actual, general, compensatory, and consequential damages in an amount to be

6   proven at trial against Defendant Bali Fashion;

7       141.   For punitive damages as appropriate;

8       142.   For such other and further relief to which Plaintiff is entitled under law or equity as

9   the Court deems just and proper.

10       Dated: 12-24-13           Respectfully submitted,

11

12                                            LAW OFFICES OF RAMON K. QUICHOCHO, LLC

13                                           /s/RAMON K. QUICHOCHO

14                                           CNMI Bar No. F0243
                                        Attorney for Plaintiff William Tracy

15

16

17

18

19

20

21

22

23

*Verified Complaint for Injunctive Relief and Damages:*
*For Disability Discrimination in Violation of Title III of the Americans with Disabilities Act and*
*Demand for Jury Trial*
26

## **VERIFICATION**

I, WILLIAM L. TRACY, verify that I have reviewed the foregoing Complaint, and that it is true and correct.   This verification is executed this _24_ day of December, 2013, in Saipan, Commonwealth of the Northern Mariana Islands.

/s/WILLIAM TRACY
Plaintiff

*Verified Complaint for Injunctive Relief and Damages:*
*For Disability Discrimination in Violation of Title III of the Americans with Disabilities Act and*
*Demand for Jury Trial*
27